IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHARON STARR, § | |
| § | |
| PLAINTIFF, § | |
| § | No. 4:09-cv-204 |
| v. § | |
| § | JURY |
| PIERCE FINLAY, § | |
| OCEANEERING § | |
| INTERNATIONAL, INC., § | |
| § | |
| DEFENDANTS. § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW SHARON STARR, the Plaintiff in the above-styled and numbered cause of action, by and through her counsel of record, Matthew Paul Nickson, and hereby complains of Defendants, PIERCE FINLAY and OCEANEERING INTERNATIONAL, INC., and for cause of action would respectfully show unto the Court as follows:

### I. PARTIES

1. Plaintiff Sharon Starr, an individual who resides in Texas, may be served prospectively herein through undersigned counsel.

2. Defendant Pierce Finlay, an individual who resides in Texas, may be served with summons at his place of work, Oceaneering International, Inc., 11911 FM 529, Houston, Texas 77041, or wherever else he may be found.

1

3.     Defendant Oceaneering International, Inc. is a foreign, for-profit corporation that is licensed to conduct business in the State of Texas. Defendant has been served with process and has appeared herein through attorneys Laurence Stuart and Tonja King.

## II. JURISDICTION

4.     This Court possesses federal question jurisdiction over the instant cause of action. 28 U.S.C. § 1331. This cause of action arises under the Family and Medical Leave Act (the "FMLA"), 29 U.S.C. §§ 2601 et seq., and under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-1 et seq. The Plaintiff was employed by the Defendant Oceaneering as a Data Processing Manager.[1] The Plaintiff was demoted from said position by Oceaneering about April 2008, about one month after the Plaintiff took maternity leave under the FMLA; and, about December 2008, the Plaintiff was terminated by Oceaneering. Furthermore, the Plaintiff was demoted and discharged at least partly on account of her sex; and, furthermore, the Plaintiff was retaliated against by dint of her discharge for engaging in a federally protected activity, to wit: the filing of a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC").

5.     The Plaintiff hereby asserts a cause of action under Texas statutory law, over which this Court possesses supplemental jurisdiction. 28 U.S.C. § 1367.

## III. VENUE

6.     Venue lies in the Houston Division of the United States District Court for the Southern District of Texas, as the Houston Division of the Southern District of Texas is the federal judicial division and district in which a substantial part of the events or omissions underlying this cause of action arose. 28 U.S.C. § 1391(e). Furthermore,

---

[1] Defendant Finlay was the Plaintiff's supervisor at Oceaneering.

venue is proper in this division and district because this division and district is the place: (1) in which Oceaneering is alleged to have committed unlawful employment practices; (2) in which the employment records relevant to the Plaintiff's employment are situated; and, (3) in which the Plaintiff would have worked, but for Oceaneering's unlawful employment practices. *See, e.g.*, 42 U.S.C. § 2000e-5(f)(3).

### IV. CONDITIONS PRECEDENT

7. All conditions precedent to the establishment of liability on the part of the Defendants, have been performed or have occurred.

### V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff timely filed a charge of discrimination against Oceaneering with the EEOC. Plaintiff then filed suit within ninety (90) days after receiving a notice of the right to sue from the EEOC. A copy of the notice of right to sue was included as an exhibit to the Plaintiff's original complaint, and is incorporated herein by reference.

### VI. CAUSES OF ACTION

#### COUNT 1: FMLA VIOLATION CLAIM AGAINST OCEANEERING AND FINLAY

9. Plaintiff is an eligible employee within the meaning of the FMLA. Plaintiff was employed by Oceaneering for at least twelve months, and for at least 1,250 hours of service, during the 12-month period up to and including the date of the filing of the instant complaint. 29 U.S.C. § 2611(2).

10. Oceaneering is an employer within the meaning of the FMLA. Oceaneering is engaged in commerce or in an industry or activity affecting commerce. Oceaneering has employed fifty or more employees for each working day during each of twenty or more

calendar work weeks in the preceding calendar year, within seventy five miles of the Plaintiff's worksite.  29 U.S.C. § 2611(4).

11.     Plaintiff was entitled to twelve work weeks of leave during the period spanning January 1, 2008 through January 1, 2009 because of the birth of her child and the need for care of her child.

12.     Plaintiff gave Oceaneering at least 30 days' notice before the date leave was to begin.  Plaintiff informed her supervisor, Operations Manager Pierce Finlay, of her pregnancy about July 2007.  Plaintiff gave Oceaneering the requested certification of need.  Plaintiff took her leave (along with disability leave) from about March 11, 2008 through about June 11, 2008.

13.     Without limitation, Defendants Oceaneering and Finlay intentionally interfered with, restrained, and denied the exercise of rights provided under the FMLA by demoting Plaintiff about April 21, 2008, during the period of her approved leave.[2]  Plaintiff was demoted by being placed under the supervision of a company official of previously equal rank.  *Accord Smith v. East Baton Rouge Parish School Board*, 453 F.3d 650, 651 (5th Cir. 2006).  Defendants also intentionally interfered with, restrained, and denied the exercise of rights provided under the FMLA by failing to restore the Plaintiff to the position held before leave, and by denying her the benefits that she had held before her leave.  Defendants demoted Plaintiff at least in substantial part because of her decision to take FMLA leave; and Plaintiff's demotion was not a part of a bona fide reorganization or restructuring by Oceaneering.  Furthermore, Defendants, whether one or more, intentionally interfered with, restrained, and denied the exercise of rights provided under

---

[2]     Defendant Finlay may be held individually liable to Plaintiff.  *See* 29 U.S.C. § 2611(4)(A)(ii); 29 C.F.R. § 825.104(d); *Modica v. Taylor*, 465 F.3d 175, 186–87 (5th Cir. 2006).

4

the FMLA by terminating the Plaintiff. Oceaneering retaliated against Plaintiff when Plaintiff protested the Defendants' acts and practices. 29 U.S.C. § 2615(a)(2) ("It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter [subchapter I of chapter 28 "Family and Medical Leave" of Title 29, United States Code]."). Oceaneering also retaliated against Plaintiff when Plaintiff filed a charge of discrimination with the EEOC (albeit not the U.S. Department of Labor). *Id.* at § 2615(b)(1) ("It shall be unlawful for any person to discharge or in any other manner discriminate against any individual because such individual . . . has filed *any* charge, or has instituted or caused to be instituted any proceeding, under or related to this subchapter[.]") (emphasis added).

14. As a direct and proximate result of the Defendants' violations of the FMLA, Plaintiff suffered the following injuries and damages, to wit: Plaintiff was demoted from Operations Manager Assistant to Senior Data Processing Clerk about April 2008, and Plaintiff was discharged by Oceaneering about December 2008. Per the provisions of the FMLA, Plaintiff seeks lost wages and benefits, plus prejudgment interest at the prevailing rate.

15. Defendants' conduct intentionally and willfully violated the FMLA. Plaintiff is entitled to an award of liquidated damages. 29 U.S.C. § 2617(a)(1)(A)(iii). Plaintiff is also statutorily entitled to recover her reasonable and necessary attorney fees, reasonable expert witness fees, and reasonable costs borne by her. 29 U.S.C. § 2617(a)(3).

COUNT 2: CLAIM AGAINST OCEANEERING UNDER TITLE VII OF
THE CIVIL RIGHTS ACT OF 1964

16. Plaintiff is an employee within the meaning of Title VII of the Civil Rights Act of 1964, and belongs to a class protected under the statute, namely women.

17. Defendant Oceaneering is an employer within the meaning of Title VII.[3]

18. Oceaneering intentionally discriminated against Plaintiff because of Plaintiff's sex, in violation of Title VII. Defendant Oceaneering demoted and then discharged Plaintiff; and, in so doing, Oceaneering was motivated, at least in part, by Plaintiff's sex and by Plaintiff's pregnancy. 42 U.S.C. § 2000e-2(m); *Pennsylvania State Police v. Suders*, 542 U.S. 129, 142 (2004) (citing *Bergstrom-Ek v. Best Oil Co.*, 153 F.3d 851, 858–59 (8th Cir. 1998)).[4] Further, at least in significant part, Oceaneering retaliated against Plaintiff and discharged Plaintiff after Plaintiff engaged in a statutorily protected activity by filing an administrative charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e-3; *Aryain v. Wal-Mart Stores Texas, L.P.*, 534 F.3d 473, 484 (5th Cir. 2008) (citing *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007)). Accordingly, Plaintiff seeks an award of back pay and/or front pay (in lieu of reinstatement) for the period running from about April 2008 until the date that Plaintiff obtains comparable new employment, minus such offsets to which Oceaneering is

---

[3] Plaintiff only seeks recovery against Defendant Finlay under the FMLA.
[4] *See* 42 U.S.C. § 2000(k), the Pregnancy Discrimination Act of 1978 ("The terms 'because of sex' or 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of fringe benefits under fringe benefit programs, as other persons not so affected but similar in their ability to work, and nothing in section 2000e-2(h) of this title shall be interpreted to permit otherwise. This subsection shall not require an employer to pay for health insurance benefits for abortion, except where the life of the mother would be endangered if the fetus were carried to term, or except where medical complications have arisen from an abortion: *Provided*, That nothing herein shall preclude an employer from providing abortion benefits or otherwise affect bargaining agreements in regard to abortion.").

entitled. *See Pollard v. E.I. Du Pont de Nemours & Co.*, 532 U.S. 843, 846 (2001). Plaintiff also seeks such other damages as may be available to her under Title VII.

19.     Plaintiff has suffered mental anguish and emotional distress, necessitating psychological treatment. She seeks to recover compensatory damages for any and all future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life that she has experienced. In addition, because Oceaneering's conduct was committed with malice, or, with reckless indifference to Plaintiff's federally-protected rights, Plaintiff seeks an award of punitive damages as permitted by the Civil Rights Act of 1991. 42 U.S.C. § 1981a(a), (b)(1). Plaintiff avers that no remedy exists to her under the Civil Rights Act of 1866. 42 U.S.C. § 1981.

### COUNT 3: TEXAS LABOR CODE VIOLATION CLAIM AGAINST OCEANEERING

20.     Plaintiff hereby alleges that Defendant Oceaneering's conduct is violative of the Texas Labor Code, namely chapter 21 thereof (the Texas Commission on Human Rights Act). Oceaneering discriminated against Plaintiff on account of her sex.[5] Plaintiff's sex was a motivating factor in Oceaneering's decision to demote Plaintiff, and, eventually, to terminate the employment of the Plaintiff.

21.     Oceaneering's conduct following Plaintiff's filing of a charge of discrimination with the EEOC constitutes unlawful retaliation.

22.     Oceaneering's discriminatory and retaliatory conduct has caused Plaintiff damage by way of loss of wages and benefits, mental anguish, emotional distress, humiliation, loss of enjoyment of life and other pecuniary and non-pecuniary compensatory damages that she has suffered in the past, and, in reasonable probability, will suffer in the future.

---

[5]     For this purpose, Plaintiff's sex must be equated with her pregnancy.

7

Plaintiff seeks all such compensatory damages to which she is entitled, including back pay and front pay as described above.

23.     Oceaneering's conduct was committed with malice, or, with reckless indifference to Plaintiff's state-protected rights, and, as such, justifies an award of punitive damages. TEX. LABOR CODE § 21.2585(b).

### VII. ATTORNEY FEES

24.     Plaintiff was forced to engage counsel in order to protect her rights.  Accordingly, Plaintiff is entitled to an award of attorney fees and costs, and, if applicable, expert fees. 29 U.S.C. § 2617(a)(3); 42 U.S.C. §§ 1988, 2000e-5(k).

### VIII. PLAINTIFF'S DEMAND FOR JURY TRIAL

25.     Plaintiff hereby asserts her rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Rule 38 of the Federal Rules of Civil Procedure, a trial by jury on each and every relevant issue.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that the Defendants be summoned to answer and appear herein, and that, upon due consideration and hearing had or trial, this Honorable Court enter judgment as follows:

(a) From both Defendants, award the Plaintiff all lost wages and lost benefits to which she is entitled, and pre-judgment interest thereon;

(b) From Defendant Oceaneering, award the Plaintiff her actual damages, including costs incurred for psychological treatment;

(c) From both Defendants, award the Plaintiff liquidated damages in the amount identified in subsection (a) as encompassing lost wages, lost benefits, and pre-judgment interest thereon;

(d) From Defendant Oceaneering, award the Plaintiff back pay or front pay, as applicable and appropriate, from April 21, 2008 until the date that Plaintiff obtains comparable new employment;

(e) From Defendant Oceaneering, award the Plaintiff punitive damages as allowed by the Civil Rights Act of 1991 and the Texas Labor Code, as applicable;

(f) From both Defendants, as applicable (and fairly susceptible of apportionment), award the Plaintiff her attorney's fees;

(g) From both Defendants, as applicable, award the Plaintiff all costs of Court specifically incurred by her, and tax all other Court costs against Defendant.

The Plaintiff prays also for such other and further relief, general and special, at law and in equity, to which she is justly entitled.

Respectfully submitted,

Date: September 14, 2009

*/s/ Matthew Nickson*

Matthew Paul Nickson
SBN 24056043
S.D. Tex. No. 704796
1300 McGowen
Houston, Texas 77004
Tel.: (713) 655-8880
Fax: (713) 621-1449
**Attorney-in-Charge for Plaintiff**

9

**CERTIFICATE OF SERVICE**

I, Matthew Nickson, hereby certify that on September 14, 2009, a true and correct copy of the foregoing document was served by ECF upon the following counsel of record:

Mr. Laurence Stuart
Ms. Tonja Kirkland King
STUART AND ASSOCIATES, P.C.
Two Houston Center
909 Fannin, Suite 3250
Houston, Texas 77010
***Attorneys for Defendant Oceaneering International, Inc.***


*/s/ Matthew Nickson*

_____
Matthew Nickson